### SHERRILL v. FIRST STATE BANK OF ROCKSPRINGS. (No. 7644.)

Court of Civil Appeals of Texas. San Antonio. March 23, 1927.

Rehearing Denied April 13, 1927.

**1. Chattel mortgages** ⬳235—**Under mortgage providing that mortgagee should sell wool and apply proceeds on note, upon delivery to agent designated, mortgagor had right to have value applied to payment of note.**

Under chattel mortgage requiring mortgagor to deliver wool to mortgagee when and as clipped, and that mortgagee should negotiate sales and collect and apply proceeds on note, upon delivery of wool to agent designated by mortgagee, mortgagor had right to have value of wool applied to payment of his note.

---

**2. Banks and banking** ⟨⟩86 — **Provision in mortgage that mortgagee bank have possession of collateral and effect its sale was not ultra vires.**

Provision in mortgage that mortgagee bank should have possession of wool covered by mortgage and effect its sale was not ultra vires, but was incidental to mortgagee's banking business.

**3. Chattel mortgages** ⟨⟩165—**Mortgagee was liable for breach of its contract to sell wool mortgaged and collect and apply proceeds to note.**

Where mortgage covering wool provided that mortgagee should sell wool and collect and apply proceeds to note, mortgagee was liable for breach of its contract to collect and apply proceeds, for amount of proceeds of sale of wool with interest from dates of sales.

Error from District Court, Edwards County; Joseph Jones, Judge.

On motion for rehearing. Motion granted. Judgment reversed, and case remanded.

For former opinion, see 289 S. W. 123.

T. A. Williams, of Rocksprings, and James Cornell, of San Angelo, for plaintiff in error.

A. E. Aiken, of Rocksprings, and Douglas & Carter, of San Antonio, for defendant in error.

PER CURIAM. [1] In order to secure its loan to Sherrill, the bank took a mortgage on Sherrill's sheep and the wool to be clipped from them. Then, in order to protect its right to the wool, the bank inserted in the mortgage a provision the effect of which was to require Sherrill to deliver the wool to the bank, when and as clipped; and, in order to secure application of the proceeds of the wool sales to payment on the note, the bank inserted in the mortgage a further provision to the effect that the bank itself should negotiate the sales of the wool and collect and apply the proceeds on the note. Under the terms of the mortgage, when practically construed, Sherrill lost all control over the wool or its disposition, as well as over the proceeds from its sale, when he delivered it to the agent designated by the bank, and upon such delivery his right instantly arose to have the value of the wool applied to the payment of his note. The testimony at least tends strongly to show that he had nothing to do with the sale of the wool, except to deliver it to the bank's designated agent under the terms of the mortgage. He could then rest upon the provision in the mortgage requiring the bank to credit his note with the proceeds of the sale, or, if no sale, with the market value.

[2] The provision insisted upon by the bank that it have possession of the collateral and effect its sale was in no sense ultra vires; it was strictly incidental to its pow-

ers, and was no more outside of banking business than the collection and application of the proceeds of a collateral note held by it.

[3] The case was tried on the theory of negligence, whereas it was one purely of contract. The bank was not guilty of negligence of which Sherrill could complain; but the evidence clearly indicates that it was guilty of a flagrant breach of its contract to sell the wool and apply the proceeds to Sherrill's note. In such case the bank would be liable to Sherrill for the amount of the proceeds of the sale of the wool, with interest from the dates of sales, and the judgment ought to be reversed and remanded for trial on that theory.

Appellant's motion for rehearing is granted, the judgment is reversed, and the cause remanded.